IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BESSIE MADDOX,

                Plaintiff,            Case No. 3:07 CV 2982

    -vs-

                                      MEMORANDUM OPINION

UNITED PARCEL SERVICE, INC.,

                Defendant.

KATZ, J.

This matter is before the Court on the defendant's motion to dismiss for insufficient process and lack of personal jurisdiction (Doc. 7).

**I.    Background**

On September 29, 2007, Plaintiff Bessie Maddox filed suit in this Court against Defendant United Parcel Service, Inc. ("UPS"), alleging gender and race discrimination. Doc. 1. On January 28, 2008, the 120 day deadline for Plaintiff to perfect service of process on Defendant as required by FED. R. CIV. P. 4(m) expired. At that time, Plaintiff had not served Defendant.

On February 5, 2008, this Court issued an Order to Show Cause why Plaintiff's complaint should not be dismissed for her failure to comply with the deadline. Doc. 3. Instead of responding to the Order within the ten days allotted by the Court, Plaintiff served process on Defendant via overnight express on February 15, 2008. Doc. 7 at 2.

On March 6, 2008, Defendant filed a motion to dismiss for insufficient process as per FED. R. CIV. P. 12(b)(4)-(5), and for lack of personal jurisdiction as per FED R. CIV. P. 12(b)(2). Doc. 7. Plaintiff filed a brief in opposition to Defendant's motion on March 19, 2008. Doc. 9.

For the reasons stated herein, Defendant's motion to dismiss for insufficient service of process is hereby granted, and Plaintiff's complaint is dismissed without prejudice.

**II.     Discussion**

    **A.     Sufficiency of Service**

Defendant's motion first invokes FED. R. CIV. P. 12(b)(4)-(5), which provides a defense when a plaintiff's complaint fails to comply with FED. R. CIV. P. 4(m). Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m). "Accordingly, the issue is whether the plaintiffs showed good cause for their failure . . . ." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

"Establishing good cause is the responsibility of the party opposing the motion to dismiss - here, the plaintiffs - and 'necessitates a demonstration of why service was not made within the time constraints.'" *Id.* at 521 (citing *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)).

Plaintiff's only attempt to show good cause for why service was not perfected within 120 days is contained in a single paragraph of her response to Defendant's motion to dismiss:

> There is little if any undue hardship on the Defendant for the delay in the servicing of the Complaint. The Plaintiff's counsel was having difficulty in locating the proper person and location to be serviced with the Complaint since the Defendant is a worldwide corporation with locations all over the world. It would be a grave injustice to impose such a harsh remedy of dismissing the complaint for an administrative oversight.

Doc. 9 at 4. Plaintiff's explanation is insufficient. Plaintiff gives no indication as to why she was unable to find the registered agent of an established multi-national corporation within 120 days of filing. The Court disagrees that it would be "a grave injustice" to dismiss Plaintiff's complaint.

Whether or not Defendant is able to manage Plaintiff's "administrative oversight" without undue hardship is irrelevant in determining whether Plaintiff had good cause for failing to perfect service within 120 days. Plaintiff's attempt to show good cause is inadequate, and Defendant's motion to dismiss for insufficient service of process is therefore granted.

**B. Personal Jurisdiction**

Defendant also invokes FED. R. CIV. P. 12(b)(2) to assert that this Court lacks personal jurisdiction over Defendant. Doc. 7-2 at 4-5. Specifically, Defendant argues that "service of process is the 'procedure by which a court . . . asserts jurisdiction over the person of the party served.'" Doc. 7-2 at 4 (citing *Omni Capital Intern, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). "Due process, therefore, requires proper effective service of process in order to obtain personal jurisdiction." *Id.* at 5 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).

Because Plaintiff's motion to dismiss for insufficient service of process is granted, it is not necessary to reach a discussion of personal jurisdiction.

**III. Conclusion**

For the reasons stated herein, Defendant's motion to dismiss for insufficient service of process is hereby granted (Doc. 7), and Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE